### In re SISSELMAN'S WILL.

No. 58927-A.

County Judges' Court, Dade County.

June 8, 1964.

Lloyd A. Towle, Louis Schwarzkopf and Ben Cohen, all of Miami Beach, for Mrs. Sisselman.

Richard K. Fink, Miami, for Joyce Medoff.

W. F. BLANTON, County Judge.

*Order on petition to establish lost or destroyed will:* On March 18, 1963 a petition was filed for the probate of a certain will of Murry Sisselman who died on the 19th of February, 1963, stating his next of kin to be his wife, two brothers, two sisters and one niece, Joyce Medoff. The will was dated January 15, 1960 and was drawn in Los Angeles, California, and was witnessed by three persons, one of whom was A. J. Weiss, the attorney who drew the will. In his said will, his wife, Elsa Sisselman, was appointed as executrix without bond. A bequest of $10,000 was left to a sister, Rose Rubin, and another bequest of $10,000 was left to a sister, Emma Tettelbaum, if each of them survived. All the rest, residue and remainder of his property was bequeathed to his wife, Elsa Sisselman, to be her sole and separate property to do with as she saw fit. The will provided that if she did not survive him, he bequeathed the rest and residue of his property to certain relatives on a percentage basis, as follows — 10% thereof to a niece, Joyce Medoff, 15% to his sister Rose Rubin, and 15% to another sister Emma Tettelbaum, and the balance of 60% to be divided equally between seven nieces and two nephews.

A commission was issued and the witness A. J. Weiss, the attorney who prepared the will, made oath before the commissioner that he witnessed said will; the order admitting the will was filed March 29, 1963, and letters testamentary issued on the same day.

On December 6, 1963 a petition was filed by Joyce Medoff, through her attorney, Richard K. Fink, for the revocation of the will which had been admitted to probate and for the establishment and probate of a lost or destroyed will.

An answer was filed on behalf of the widow, Elsa Sisselman, which denied there was any such lost or destroyed will, and asserted that the will dated January 15, 1960 which had been admitted to probate was the true last will and testament of the deceased.

The evidence in the case reflects that there was no copy of said alleged lost or destroyed will produced. Under Florida Statute §732.27 it is necessary in order to establish a lost will that the petition for probate thereof contain a copy of such will or the substance thereof; and that no probate thereof shall be granted unless clearly and distinctly proved by the testimony of at least two disinterested witnesses, a correct copy being the equivalent of one witness. Therefore, there being no copy of said will produced, two disinterested witnesses were to be relied upon to establish said lost or destroyed will by clear and distinct proof.

One of these witnesses, Hattie Mandel, testified that she and her cousin Joyce Medoff read a will just after the funeral of the deceased. She stated that the will she read was an original will and was under a blue cover, and that it bequeathed $10,000 to Mt. Sinai Hospital, and bequeathed to his two sisters $10,000 each, and the residue of the estate was divided 50% to the wife Elsa Sisselman and 50% to Joyce Medoff.

The other witness to the alleged lost or destroyed will was one Marvin Schulman, who was a builder in North Miami Beach, who testified that he was an attorney at law formerly practicing in New York, but he had not been in active practice as such for fifteen years. He testified that he and Murry Sisselman had been friends ever since he was a boy and, although he had not seen him for some thirty years, he had been in contact with him by reason of the fact that their families were very close friends. He testified that he was not of kin to any of the parties, and that on one occasion in January 1963 Murry Sisselman called at his office on more or less a social visit, but he produced a will and asked Schulman to look it over and see if it was O.K. He testified that the will had five or six pages to it and was under a blue cover, and the will which he read at that time left $10,000 to Mt. Sinai Hospital, and $10,000 to each of his two sisters; and the residue was left 50% to Joyce Medoff and the other 50% to Elsa Sisselman, his wife, and named Elsa Sisselman as executrix. He could not testify as to who the three subscribing witnesses were; he said that the witnesses did not impress him at the time, but that he remembered distinctly the various bequests mentioned above.

The original will which was probated was sent to Mrs. Elsa Sisselman by the attorney, A. J. Weiss, in California, and in his deposition which was taken he testified that he had drawn a will for Murry Sisselman in 1948 in which his wife, Elsa Sisselman, was the sole benficiary.

Mr. Lloyd A. Towle, whom Mrs. Sisselman employed to probate the will, testified that all of the beneficiaries had been notified of the reading of said will, but Joyce Medoff testified that

she had not been notified but had heard about the matter and she and her husband came to Miami from New York; that when the will was read she got up and protested and stated that this was not the will she had read at the Sisselman's apartment at the time of the funeral. Other witnesses testified that after the funeral many of the relatives and others were present in the apartment of Mrs. Sisselman, and that Joyce Medoff asked Mrs. Sisselman if he had left a will.

There was some conflict in the testimony as to who found the will, but anyway a will or a copy of the January 15, 1960 will was produced and either Mrs. Sisselman or Mrs. Medoff said "I found the will." It was testified that after the will was read by Joyce Medoff she cried and said she was greatly disappointed that her uncle did not leave any bequest to her, and that she would have been satisfied if he just remembered her with a $10 bequest. There were several witnesses who testified to this remark which she made.

Mrs. Sisselman testified that the copy of the will that Joyce Medoff had read was a copy of the original will of January 15, 1960 which had been probated, and that there was no other such will which Joyce Medoff had testified to. This copy of the will was introduced into evidence and showed that the copy had been interlined or added to in pen and ink by Mr. Sisselman before his death.

Mr. Lloyd Towle testified that Mr. Sisselman had come to his office and talked about preparing a new will, but he never came to have it done. That was the last week in January or the first week in February, 1963. Mr. Sisselman died February 19, 1963.

There is rather positive testimony from Marvin Schulman and Hattie Mandel that there was no question in their mind about this alleged lost or destroyed will which they had each read, but they could not testify concerning who the witnesses were, nor their addresses, although there were three witnesses.

The intimation by the petition to establish the lost or destroyed will was that Mrs. Sisselman had destroyed said will, which was denied by her. It may be true that Murry Sisselman did in fact make a will in January 1963, as testified to by Marvin Schulman and Hattie Mandel, the two disinterested witnesses to establish said lost or destroyed will, and Murry Sisselman may have drawn said will himself from the copy of his January 15, 1960 will, but the matter before the court comes to the question — how can the court establish a lost or destroyed will when there is no copy of said will produced and no testimony offered as to whether or not said will was executed according to the statutes by the testator in the presence of at least two subscribing witnesses who subscribed

in his presence and in theirs? To depend solely on the testimony of two witnesses who could not testify as to the witnesses to the alleged will, and whether or not it had been executed according to statute — this court is without power to establish and admit to probate a will under such circumstances. I am of the opinion that the statute contemplates in the establishment of a lost or destroyed will that if a copy is produced, certainly the witness or witnesses to the will should be the ones who would testify as to its proper execution under the statute — otherwise how can this will be established?

Let us assume, for the sake of argument, that Murry Sisselman did in fact draft a will before his death in which, among other things, he gave Joyce Medoff 50% of the residue of his estate; let us assume that he left this will in his apartment. When the question was asked if he left a will, either Mrs. Sisselman or Joyce Medoff "found the will", as she exclaimed before the witnesses there, and that in fact Joyce Medoff read said will, and later on a second occasion after the funeral she and Hattie Mandel read the same will; and

Let us assume further that Mr. Sisselman did in fact show his will to Marvin Schulman at his office and ask him to see if it was O.K. according to Florida law; and

Let us further assume that Mrs. Sisselman did in fact destroy said will and, instead of showing Joyce Medoff and Hattie Mandel this will, produced to them a copy of the January 15, 1960 will with the few alterations in it which were made by Mr. Sisselman in pen and ink, as the said copy shows —

How then can this court establish such lost or destroyed will, even if the above assumptions are true? There is no proof of the proper execution of the will by anyone and no proof of what else was contained in the will, other than what has been testified to. This would be an absolute impossibility as a matter of law, under the circumstances and evidence produced in this cause.

This case is one of first impression in this court — at least during my long tenure of office in this court, such a case has never come to my attention. I know of no citations of Florida cases along the same lines.

As a matter of fact — there either is or *was* a will of January 1963 — or there was *not* such a will. The testimony is in irreconcilable conflict. The court knows that it is its duty, or the duty of a jury if there is a jury, that any conflict in the testimony of witnesses should be reconciled if possible. Such reconciliation cannot be made in this case without coming to the conclusion that one or other of the sides have testified falsely. If such is the case,

then it is up to such witnesses to live with their guilty consciences for having perjured themselves.

Therefore, the court cannot establish this lost or destroyed will as the entire provisions of said will have not been established, nor has any testimony been presented as to the proper and lawful execution of such will. The petition for establishment of said will and its probate is denied.